IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWIN FORD & VISION 21, CONCEPTS, INC. : : : Plaintiffs, : : v. : : CITIMORTGAGE, INC., : FEDERAL HOME LOAN : MORTGAGE CORP., : : Defendants. | CIVIL ACTION NO. 1:12-CV-03808-RWS |

## ORDER

This case is before the Court on Defendants' Motion for Summary Judgment [22]. After reviewing the record, the Court enters the following Order.

## Background

Plaintiffs initiated this action in Douglas County Superior Court seeking legal and equitable relief arising from an alleged wrongful foreclosure of Plaintiffs' property. (Compl., [1-2].) Defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship jurisdiction ([1-4]). Defendants now move the Court for summary judgment on all claims ([22]).

The facts in this case are largely undisputed. Mr. Ford purchased the property located at 8494 Duncan Street, Douglasville, Georgia on or about January 11, 2008. (Affidavit of Justine Dickey ("Dickey Aff."), [22-3] ¶ 5.) Mr. Ford obtained a loan from Platinum Mortgage ("Platinum") in the amount of $78,000.00, executing a promissory note in favor of Platinum and its successors and assigns and agreeing to repay the note in its entirety. (Defendants' Statement of Material Fact ("Def.s' SMF"),[22-3] ¶¶ 1-2.) Mr. Ford contemporaneously executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as grantee and nominee for Platinum. (Id. ¶ 3.) The Security Deed was properly recorded in the Douglas County real property records on January 23, 2008. (Id.) CitiMortgage subsequently acquired the loan from Platinum, and MERS, as grantee and nominee for Platinum, assigned the Security Deed to CitiMortgage on August 4, 2010. (Id. ¶¶ 4-5.) The assignment was recorded in the Douglas County real property records on August 16, 2010. (Id. ¶ 5.)

Mr. Ford executed a quitclaim deed in favor of Vision 21 Concepts, Inc. ("Vision 21") on April 30, 2010, and recorded the deed in the Douglas County real property records on June 1, 2010. (Id. ¶ 7.) Mr. Ford, however, did not obtain permission from CitiMortgage for this transfer as required by the Security Deed.

(Id. ¶ 8.) Subsequently, Mr. Ford failed to pay the monthly mortgage and was in default under the terms of the loan. (Id. ¶ 9.) Mr. Ford never cured the default or offered to tender to CitiMortgage the amount due on the loan. (Id. ¶ 10.) Consequently, CitiMortgage initiated non-judicial foreclosure proceedings and scheduled a sale for September 7, 2010 ("September Sale"). (Id. ¶ 12.)

Mr. Ford submitted a loan modification application to CitiMortgage and CitiMortgage granted Mr. Ford's request to postpone the September Sale for a period of sixty days pending review of his application. (Id. ¶¶ 14-15.). However, no written agreement was entered into between Mr. Ford and Defendants regarding postponement of the sale. (Id. ¶ 15.) But Mr. Ford failed to provide requested documentation related to his application, and CitiMortgage closed the loan modification review on October 14, 2010. ([22-3], p. 4). CitiMortgage again scheduled a foreclosure sale for April 5, 2011 ("April Sale"), notifying Mr. Ford as such via certified mail. ([33-2], p. 2). Mr. Ford submitted a second loan modification application after receiving the February 2011 notice of foreclosure. ([22-3], p. 4). This time, Mr. Ford submitted financial documents in support of his application. However, CitiMortgage foreclosed on the property on April 5, 2013 after rejecting Mr. Ford's second application. ([22-3], p. 5). There are no written

agreements regarding the September Sale, April Sale, or loan modification between Mr. Ford and CitiMortgage. (Ford Deposition, 70:2-70:17).

Plaintiffs filed the instant wrongful foreclosure action based on an alleged oral agreement between the Parties to postpone foreclosure. ([1-2]). Plaintiffs' Complaint petitions the Court for damages and equitable relief for breach of contract (Count I), fraudulent misrepresentation (Count II), promissory fraud/fraud in the inducement (Count III), wrongful foreclosure (Count IV), surprise (Count V), breach of statutory duty (Count VI), breach of fiduciary duty (Count VII), quiet title (Count VIII), and a request for a Temporary Restraining Order and interlocutory injunctive relief (Count IX). ([1-2]). Defendants moved for Summary Judgment on all claims [22], however, Plaintiffs' response addresses only their claim for wrongful foreclosure [30]. Accordingly, Defendants' motion is deemed unopposed as to the remaining claims. See LR7.1(B), N.D. Ga. ("Failure to file a response shall indicate that there is no opposition to the motion").

## Discussion

### I.  Motion for Summary Judgment - Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.' " Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir.

2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted); <u>see</u> <u>also</u> <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the non-moving party "must do more than simply show there is some metaphysical doubt as to the material facts").

**II.     Analysis**

    A.     <u>Wrongful Foreclosure</u>

Plaintiffs' overarching claim is that Defendants wrongfully foreclosed after an alleged oral agreement to postpone foreclosure proceedings on the subject Property. ([1-2], ¶¶ 19, 40). However, under the Statute of Frauds, "[a]ny agreement for sale of lands, or any interest in, or concerning lands" must be in writing. O.C.G.A. § 13-5-30. Furthermore, "[w]hen a contract is required by the Statute of Frauds to be in writing, any modification of the contract must also be in

writing." Walden v. Smith, 546 S.E.2d 808, 810 (Ga. Ct. App. 2001) (citation omitted). An agreement to modify a loan or suspend foreclosure "falls squarely within the statute of frauds." Vie v. Wachovia Bank, N.A., No. 1:11-CV-3620-RWS, 2012 WL 1156387, at *4 (N.D. Ga. Apr. 6, 2012); see also Kabir v. Statebridge Co., LLC, No. 1:11-CV-2747-WSD, 2011 WL 4500050, at *7 (N.D. Ga. Sept. 27, 2011) ("Oral and unwritten agreements regarding interests in lands; to include reinstating a mortgage, refinancing a mortgage, or forbearing from foreclosure proceedings; are unenforceable under the Georgia Statute of Frauds."). As such, even if there were an oral agreement to postpone foreclosure, which Defendants deny, the agreement would be unenforceable under the Statute of Frauds. Therefore, Plaintiffs' claim for wrongful foreclosure based on an alleged oral agreement to postpone foreclosure proceedings fails as a matter of law.

Moreover, Plaintiffs do not otherwise establish the elements of wrongful foreclosure under Georgia law. Georgia law requires a Plaintiff claiming wrongful foreclosure to establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained it, and damages." Baker v. CitiMortgage, Inc., No. 1:13-CV-0477-WSD, 2013 WL 4217433, at *2 (N.D. Ga. Aug. 14, 2013) (quoting All Fleet Refinishing,

Inc. v. W. Ga. Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006)). When Plaintiffs' injury is "solely attributable to [his] own acts" because he defaulted on his mortgage, he has no claim for wrongful foreclosure. Taylor v. Wachovia Mortg. Corp., No. 1:07-CV-2671, 2009 WL 249353, at *5 n. 6 (N.D. Ga. Jan. 30, 2009); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004).

Here, Plaintiffs make the bare assertion that Defendants failed to comply "with the mandatory procedural requirements of non-judicial foreclosure" and "fail[ed] to conduct such [foreclosure] sale in a manner required by law." ([1-2], ¶¶ 40, 41). These conclusory allegations are contradicted by the record which demonstrates CitiMortgage held the Security Deed pursuant to a valid assignment and complied with Georgia's non-judicial foreclosure requirements. ([22-3], p. 34, 36; [33-2], p.2). Even though the Court considers evidence in the light most favorable to the non-moving party in a motion for summary judgment, the Court need not adopt facts "blatantly contradicted by the record, [such] that no reasonable jury could believe it." Jackson v. Sara Lee Bakery Grp., 517 F. App'x 645, 646 (11th Cir. 2011) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). Mr. Ford admits he defaulted on his mortgage. (Ford Deposition, 51:2-4, 97:1, 97:9-11,

132:9-12, 140:20-23). Mr. Ford also concedes CitiMortgage was entitled to foreclose under the terms of the Security Deed after his default. (Ford Deposition, 98:20-24). As such, without any direct evidence of wrongdoing by Defendants, Plaintiffs' injury from foreclosure was self-inflicted. Under Georgia law, a Plaintiff has no claim for wrongful foreclosure when his injury is attributable to his own acts. Taylor, 2009 WL 249353, at *5.

Because there are no genuine issues of material fact regarding Plaintiffs' claim for wrongful foreclosure, and because Plaintiffs' claim fails as a matter of law, summary judgment is hereby **GRANTED** to Defendants with regards to this claim.

B.    Other Claims

Plaintiffs' other claims for breach of contract, fraud,[1] breach of statutory and fiduciary duties, quiet title, and requests for a Temporary Restraining Order and injunctive relief were unopposed in Plaintiffs' response. ([30]). Therefore, "there is no opposition to the motion" per Local Rule of the Northern District of Georgia. See LR7.1(B), N.D. Ga. Further, the Court finds Defendants' arguments and legal

---

[1] The Court considers the fraudulent misrepresentation, promissory fraud/fraud in the inducement, and surprise claims collectively as sounding in fraud. See, e.g., Albert v. CitiMortgage, No. 1:10-CV-03238-RWS, 2011 WL 1085148, at *2 (N.D. Ga. Mar. 21, 2011).

9

authority meritorious on these claims. The Court also finds Plaintiffs' other claims do not present any genuine issues of material fact. Accordingly, these remaining claims are **DISMISSED**.

## Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment [22] is **GRANTED** with regards to the wrongful foreclosure claim and Plaintiffs' remaining claims are **DISMISSED**.

**SO ORDERED**, this   12th   day of September, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE